(No. 712—Claimant awarded $1,250.00.)

ROBERT VAN BATSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1925.*

GOVERNMENTAL FUNCTION—*when State not liable.* The State in conducting the Southern Illinois State Penitentiary exercises a governmental function and is not liable for injuries sustained by its employe therein while in the performance of their duty.

SOCIAL JUSTICE AND EQUITY—*award may be made.* Where it appears that an employee of the State was injured while in the discharge of his duty, an award may be made to him as a matter of social justice and equity.

JUDSON E. HARRISS, for claimant.

OSCAR E. CARLSTROM, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The claimant, Robert Van Batson, on the 12th day of August, 1918, an employe as a guard in the Southern Illinois Penitentiary, while in the employment of the defendant, State of Illinois, and in line of his duties and without any negli-

gence on his part, was attacked by a vicious inmate or prisoner of said State Institution, and struck on the head by said prisoner with a heavy iron spittoon, inflicting great bodily injuries that are evidently permanent. The facts are very fully set out in the declaration and supported by ample uncontradicted proof; and are, briefly stated, about as follows: The convict, Johnson, was paroled for a time, and not being well behaved, he was arrested and the State authorities at S. I. P. requested to take him back to prison. Van Batson, claimant, was given orders and empowered to go arrest and bring the said prisoner back to prison. Johnson, it is shown by the evidence, was a mean, rather vicious fellow, and Van Batson asked permission to take a gun for his entire safety; but was denied one and sent out to get the convict and fetch him in.

The claimant got the prisoner and a sheriff who had imprisoned the negro, handcuffed him and got aboard the cars and started back to the prison with him; and at an unguarded moment the prisoner grabbed up a heavy iron cuspidor and with lightning speed struck claimant a terrific blow on his head, about the back of the head and above the ear, inflicting an ugly wound, rendering claimant unconscious and helpless for a long period of time. The prisoner got away, but was in a few hours killed while resisting arrest. The blow on the head and back of the left ear caused a slight brain concussion and paralysis of the nerve leading to the ear. Amongst other troubles and liabilities, it caused claimant to be deaf in left ear. He was carefully examined by surgeons and specialists and treated for the injuries. Dr. Leo Steiner of the Illinois Eye and Ear Infirmary of Chicago examined the left ear and found that claimant was entirely deaf in left ear as a result of said injury. As a result, claimant was unfitted for his work at prison and gave up the job and went back into the employ of the Illinois Central R. R. Co., for which he had worked for many years before he became a prison guard. He files a bill of particulars, as follows:

For maintenance at home of I. C. Batson............................$ 25.00
Nursing ..........................................................  40.00
R. R. Taxi fare ..................................................  16.00
Attending physician on trip ......................................   5.00
X-Ray Photo of Skull .............................................   5.00
Dr. Mitchell .....................................................   2.00
Dr. Smith ........................................................   2.00
                                                                  _____

    Total Expense ................................................$ 95.00

The State paid the remainder of the bill and expenses and kept him on his regular salary during his two weeks' illness and until his voluntary resignation in October, 1918, same year he was injured. He went back and secured the same employment he had worked at prior to his going to the prison and getting employment. The evidence is clear that his hearing in the left ear is permanent, but no other physical permanent disabilities are disclosed which would interfere with his employment. He seems to have gotten back the same job of work with the R. R. Co. he had before he left and went to the S. I. P. for employment. His deafness is a partial handicap to his working capacity. The extent is not shown and it is difficult for the court to guess at it. While, in such cases as this, the court has held that the State is not, as a matter of law, liable, yet as a matter of social justice, equity and good conscience, the claimant should be compensated for the very serious, permanent, total loss of the hearing in his left ear.

We accordingly recommend that the legislature appropriate the sum of $1,250.00 as compensation to claimant.